**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**CLARENCE RAY WASHINGTON,**

              **Plaintiff,**           **CIVIL ACTION NO. 05-CV-72433-DT**

   **vs.**

                            **DISTRICT JUDGE PAUL D. BORMAN**

**CITY OF DETROIT, et. al.,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**

             **Defendants.**

_____/

**ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL
(DOCKET NOS. 10 & 12)**

This is a prisoner civil rights complaint filed on June 20, 2005 pursuant to 42 U.S.C. § 1983. Defendants filed their Answer to the Complaint on September 2, 2005 and the case has been referred to the undersigned for all pretrial proceedings.  On September 1, 2005 Plaintiff filed a Request for Appointment of Counsel and on September 21, 2005 Plaintiff filed a Motion to Appoint Counsel.

Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  The Sixth Circuit has stated:  Appointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances.  In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself.  This generally involves a determination of the complexity of the factual and legal issues involved.  *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted).  *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (citing Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995)("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's

discretion.'"").  At this time, the Court declines to exercise its discretion to appoint counsel to represent Plaintiff.  Plaintiff has adequately alleged the claims forming the basis of this § 1983 lawsuit indicating his basic understanding of the legal process.  Accordingly, Plaintiff's Motion to Appoint Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 09, 2005                     s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE

**<u>Proof of Service</u>**

I hereby certify that a copy of this Order was served upon Clarence Ray Washington and Counsel of Record on this date.

Dated: November 09, 2005                     s/ Lisa C. Bartlett
                                             Courtroom Deputy

-2-