UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE WASHINGTON,

                Plaintiff,          CIVIL ACTION NO.  05-CV-72433-DT

      VS.                    DISTRICT JUDGE PAUL D. BORMAN

DETROIT, CITY OF,          MAGISTRATE JUDGE MONA K. MAJZOUB
   Noet al.,
              Defendants.

_____/


**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DOCKET
NO. 31) AS MOOT; GRANTING PLAINTIFF'S MOTIONS FOR ORDER
COMPELLING DEFENDANT ALLEN TO APPEAR AT A PROPERLY NOTICED
DEPOSITION AND FOR SANCTIONS (DOCKET NOS. 35, 42); GRANTING
PLAINTIFF'S SECOND MOTION TO COMPEL (DOCKET NO. 47); DENYING
PLAINTIFF'S MOTION TO EXTEND DISCOVERY (DOCKET NO. 48) AS MOOT;
AND GRANTING PLAINTIFF'S MOTION TO FILE EXCESS PAGES
(DOCKET NO. 55)**

       This is a civil rights action filed by Plaintiff Washington who is a Michigan inmate alleging

that the Detroit police detonated explosive charges which sent shrapnel into the prison yard area

injuring him.  The matter comes before the Court on several discovery motions.  All pretrial matters

have been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. §

636(b)(1)(A).  (Docket no. 6).  The Court finds that the facts and legal arguments are adequately

presented in the parties' papers and the decisional process would not be significantly aided by oral

argument.  Therefore, these motions will be resolved without oral argument pursuant to E.D. MICH.

LR 7.1(e)(2).

       Plaintiff filed a Motion to Compel on October 1, 2006 (docket no. 31) in which he sought

to have Defendants answer his Second Set of Interrogatories and Second Request for Production of

Documents.  Defendants filed their Response to Motion to Compel on October 17, 2006 (docket no.

38), alleging that they had answered both the interrogatories and the request for production of documents. Plaintiff filed a Reply to Defendants' Response to Plaintiff's Motion to Compel Discovery on October 26, 2006. (Docket no. 43). Plaintiff acknowledges that Defendants have now answered the discovery requests while noting that several of the responses are not sufficient or proper. Nevertheless, in the relief section Plaintiff does not request that the Court take any action regarding Defendants' responses. Accordingly, Plaintiff's motion to compel (docket no. 31) will be denied as moot.

Plaintiff has also filed two Motions for Order Compelling Defendant Allen to Appear at a Properly Notice [sic] Deposition and for Sanctions. (Docket nos. 35, 42). The depositions of Defendant Allen were scheduled for October 6, 2006 and October 25, 2006. (*Id*.). Defendant Allen has responded to both motions. (Docket nos. 39, 49). Plaintiff filed a Reply to the first motion. (Docket no. 44). Defendant states in his Response that he did not appear at the October 6 deposition due to mistake and inadvertence. His counsel says that he did not receive the deposition notice. (Docket no. 39 at 1).

Plaintiff shows that his counsel mailed a Re-notice of deposition of Officer Allen to Defendant's counsel on September 18, 2006, for October 6, 2006. (Docket no. 35, ex. 2). The notice was sent by mail and fax. (*Id*.) Also, Plaintiff's counsel had a conversation with Defendant's counsel on September 29, 2006 in which the October 6 deposition was mentioned. (Docket no. 35, ¶ 5). Finally, Plaintiff's counsel's law student, acting as his legal representative, faxed a letter to Defendant's counsel on October 2, 2006 reminding him of the scheduled October 6 deposition and attaching a copy of the re-notice of deposition previously sent on September 18, 2006. (*Id*. ex. 3) (the letter reflects an incorrect date). Although Defendant's counsel states that he did not receive

2

the notice of deposition, he does not deny that he was aware of the scheduled deposition because of the September 29 conversation with Plaintiff's counsel.  Defendant's counsel also does not specifically deny that the October 2 letter was received in his office.  (Docket no. 39, ¶ 6).  The cost for the court reporter for the October 6, 2006 deposition was $59.95.  (Docket no. 35, ¶ 17).

After this failure to appear, the parties agreed to set the deposition of Officer Allen for October 25, 2006, and proper notice was served.  (Docket no. 39 at 1).  Defendant Allen did not appear for the October 25 deposition.  Defendant's counsel states that he notified Defendant Allen of the October 25 deposition and that Officer Allen told counsel that he had a conflict on October 25.  When Plaintiff's counsel refused to reschedule the deposition, Defendant's counsel states that he told Defendant Allen that his deposition was to take place as scheduled.  (Docket no. 49 at 2).  On October 25, Defendant's counsel states that Officer Allen did not appear for a pre-deposition interview scheduled for 11:30 a.m. on October 25.  Counsel contacted Officer Allen's supervisor and was told that Officer Allen had called in sick.  The supervisor tried unsuccessfully to contact Officer Allen.  (*Id.* at 3).  Defendant's counsel states that he contacted Plaintiff's counsel as soon as counsel knew that Officer Allen was sick, and that Plaintiff's counsel refused to reschedule the deposition.  Defendant's counsel further states that he asked Plaintiff's counsel for the telephone number of the court reporting service so that he could cancel the court reporter, but that Plaintiff's counsel refused to provide the number of the service.  Defendant's counsel states that Plaintiff's counsel stated that he wanted the court reporter to appear to make a record that Officer Allen failed to appear.  (*Id.*)

Plaintiff's counsel states that he received the phone call from Defendant's counsel regarding Officer Allen being sick at 12:36 p.m. on October 25 and that because the notification was less than

3

an hour before the scheduled deposition, the court reporting service would charge $75.00 even if the deposition was cancelled.  (Docket no. 42).  The service therefore charged Plaintiff $75.00.

Pursuant to Fed. R. Civ. P. 37, the Court has broad discretion to make such orders as are just to redress discovery abuse.  *Concrete Materials Corp. v. C.J. Mahan Constr. Co.*, 110 F.3d 63 (6th Cir. Mar. 28, 1997) (unpublished).  Rule 37(d) allows the Court to order that the party or the attorney advising the party, or both, pay the reasonable expenses caused by a failure to attend a properly noticed deposition unless the Court finds that the failure was substantially justified or that other circumstances make the award of expenses unjust.  The Court finds that Defendant Allen's initial failure to appear for his deposition was the result of confusion at his counsel's office. However, Defendant's counsel has failed to show that the failure to appear was substantially justified given the redundant notifications received at his office and the conversation between counsel during which the deposition was discussed.  The failure to attend the deposition resulted in the $59.95 charge from the court reporting service.

Officer Allen was reportedly sick on the day of his next scheduled deposition.  There is no explanation, however, why he did not contact his counsel so that counsel could notify Plaintiff's counsel to cancel the deposition and avoid the $75.00 charge by the reporting service.  The Court finds that this failure to appear is also substantially unjustified.  It is appropriate to order that Defendant Allen pay $75.00 to Plaintiff's counsel and that Defendant Allen's counsel pay $60.00 to Plaintiff's counsel for the expenses caused by Defendant Allen's failures to appear.  Defendant Allen is ordered to submit himself for deposition at a time and place to be determined by agreement of counsel on or before December 7, 2006.

Plaintiff has also filed a Second Motion to Compel (docket no. 47) in which he seeks to have Defendants answer his Third Request for Production of Documents. Defendant has responded to this motion. (Docket no. 53). Plaintiff has filed a Reply. (Docket no. 54). Defendant answered the Request after Plaintiff filed his motion. Plaintiff alleges, however, that the answers are late and that some responses are inadequate and violate Fed. R. Civ. P. 34. (Docket no. 54). The Request is directed to the City of Detroit. (Docket no. 47, ex. 1). The City designated Sergeant Danny Reed to respond. However, his responses show that he is answering them in his individual capacity and not as a representative of the City. Rule 34 allows a party to request documents which are in the possession, custody, or control of the party upon whom the request is served. Because the City is the party, it is not consistent with Rule 34 for Defendant Reed to answer the requests based only on the documents he as an individual possesses or has custody and control. Also, the responses are not signed by Defendants' counsel as required by Fed. R. Civ. P. 26(g)(2). Defendant City of Detroit shall therefore re-answer Plaintiff's Third Request for Production of Documents after having made reasonable inquiry and with the appropriate required signatures.

In view of these rulings, the previously set discovery deadlines must be adjusted. The Court will enter a Third Amended Scheduling Order setting out the new dates. Plaintiff's motion to extend the dates in the scheduling order (docket no. 48) will therefore be denied as moot. All requests for costs and fees and other sanctions are denied except as specifically allowed in this Order.

The Court will hold Defendants' Motion for Summary Judgment in abeyance until after discovery is completed. The parties should therefore proceed with discovery in good faith and submit supplemental briefing on the summary judgment motion once the latest discovery period has

expired.  Plaintiff has also filed a motion for leave to file excess pages (docket no. 55) which will be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (docket no. 31), and Plaintiff's motion to extend discovery (docket no. 48) are DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Order Compelling Defendant Allen to Appear at a Properly Noticed Deposition and for Sanctions (docket nos. 35, 42) are GRANTED.  Defendant Allen shall appear to be deposed at a time and date to be set by counsel on or before December 7, 2006.  Defendant Allen shall within ten days of the entry of this Order submit $75.00 to Plaintiff's counsel.  Defendant Allen's counsel shall within ten days of the entry of this Order submit $60.00 to Plaintiff's counsel.

**IT IS FURTHER ORDERED** that Plaintiff's second motion to compel (docket no. 47) is GRANTED.  Defendant City of Detroit shall re-answer Plaintiff's Third Request for Production of Documents on or before December 6, 2006.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file excess pages (docket no. 55) is GRANTED.


Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: November 20, 2006                    s/ Mona K. Majzoub_____
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

6

**<u>PROOF OF SERVICE</u>**

I hereby certify that a copy of this Opinion was Served upon Counsel of Record on this date.

Dated: November 20, 2006            <u>s/ Lisa C. Bartlett               </u>
                                            Courtroom Deputy

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE WASHINGTON,

               Plaintiff,            CIVIL ACTION NO.  05-CV-72433-DT

   VS.                       DISTRICT JUDGE PAUL D. BORMAN

DETROIT, CITY OF,         MAGISTRATE JUDGE MONA K. MAJZOUB
   Noet al.,
              Defendants.
                                 /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DOCKET
NO. 31) AS MOOT; GRANTING PLAINTIFF'S MOTIONS FOR ORDER
COMPELLING DEFENDANT ALLEN TO APPEAR AT A PROPERLY NOTICED
DEPOSITION AND FOR SANCTIONS (DOCKET NOS. 35, 42); GRANTING
PLAINTIFF'S SECOND MOTION TO COMPEL (DOCKET NO. 47); DENYING
PLAINTIFF'S MOTION TO EXTEND DISCOVERY (DOCKET NO. 48) AS MOOT;
AND GRANTING PLAINTIFF'S MOTION TO FILE EXCESS PAGES
(DOCKET NO. 55)**

      This is a civil rights action filed by Plaintiff Washington who is a Michigan inmate alleging

that the Detroit police detonated explosive charges which sent shrapnel into the prison yard area

injuring him.  The matter comes before the Court on several discovery motions.  All pretrial matters

have been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. §

636(b)(1)(A).  (Docket no. 6).  The Court finds that the facts and legal arguments are adequately

presented in the parties' papers and the decisional process would not be significantly aided by oral

argument.  Therefore, these motions will be resolved without oral argument pursuant to E.D. MICH.

LR 7.1(e)(2).

      Plaintiff filed a Motion to Compel on October 1, 2006 (docket no. 31) in which he sought

to have Defendants answer his Second Set of Interrogatories and Second Request for Production of

Documents.  Defendants filed their Response to Motion to Compel on October 17, 2006 (docket no.

38), alleging that they had answered both the interrogatories and the request for production of documents. Plaintiff filed a Reply to Defendants' Response to Plaintiff's Motion to Compel Discovery on October 26, 2006. (Docket no. 43). Plaintiff acknowledges that Defendants have now answered the discovery requests while noting that several of the responses are not sufficient or proper. Nevertheless, in the relief section Plaintiff does not request that the Court take any action regarding Defendants' responses. Accordingly, Plaintiff's motion to compel (docket no. 31) will be denied as moot.

Plaintiff has also filed two Motions for Order Compelling Defendant Allen to Appear at a Properly Notice [sic] Deposition and for Sanctions. (Docket nos. 35, 42). The depositions of Defendant Allen were scheduled for October 6, 2006 and October 25, 2006. (*Id*.). Defendant Allen has responded to both motions. (Docket nos. 39, 49). Plaintiff filed a Reply to the first motion. (Docket no. 44). Defendant states in his Response that he did not appear at the October 6 deposition due to mistake and inadvertence. His counsel says that he did not receive the deposition notice. (Docket no. 39 at 1).

Plaintiff shows that his counsel mailed a Re-notice of deposition of Officer Allen to Defendant's counsel on September 18, 2006, for October 6, 2006. (Docket no. 35, ex. 2). The notice was sent by mail and fax. (*Id*.) Also, Plaintiff's counsel had a conversation with Defendant's counsel on September 29, 2006 in which the October 6 deposition was mentioned. (Docket no. 35, ¶ 5). Finally, Plaintiff's counsel's law student, acting as his legal representative, faxed a letter to Defendant's counsel on October 2, 2006 reminding him of the scheduled October 6 deposition and attaching a copy of the re-notice of deposition previously sent on September 18, 2006. (*Id*. ex. 3) (the letter reflects an incorrect date). Although Defendant's counsel states that he did not receive

2

the notice of deposition, he does not deny that he was aware of the scheduled deposition because of the September 29 conversation with Plaintiff's counsel.  Defendant's counsel also does not specifically deny that the October 2 letter was received in his office.  (Docket no. 39, ¶ 6).  The cost for the court reporter for the October 6, 2006 deposition was $59.95.  (Docket no. 35, ¶ 17).

After this failure to appear, the parties agreed to set the deposition of Officer Allen for October 25, 2006, and proper notice was served.  (Docket no. 39 at 1).  Defendant Allen did not appear for the October 25 deposition.  Defendant's counsel states that he notified Defendant Allen of the October 25 deposition and that Officer Allen told counsel that he had a conflict on October 25.  When Plaintiff's counsel refused to reschedule the deposition, Defendant's counsel states that he told Defendant Allen that his deposition was to take place as scheduled.  (Docket no. 49 at 2).  On October 25, Defendant's counsel states that Officer Allen did not appear for a pre-deposition interview scheduled for 11:30 a.m. on October 25.  Counsel contacted Officer Allen's supervisor and was told that Officer Allen had called in sick.  The supervisor tried unsuccessfully to contact Officer Allen.  (*Id*. at 3).  Defendant's counsel states that he contacted Plaintiff's counsel as soon as counsel knew that Officer Allen was sick, and that Plaintiff's counsel refused to reschedule the deposition.  Defendant's counsel further states that he asked Plaintiff's counsel for the telephone number of the court reporting service so that he could cancel the court reporter, but that Plaintiff's counsel refused to provide the number of the service.  Defendant's counsel states that Plaintiff's counsel stated that he wanted the court reporter to appear to make a record that Officer Allen failed to appear.  (*Id*.)

Plaintiff's counsel states that he received the phone call from Defendant's counsel regarding Officer Allen being sick at 12:36 p.m. on October 25 and that because the notification was less than

3

an hour before the scheduled deposition, the court reporting service would charge $75.00 even if the deposition was cancelled.  (Docket no. 42).  The service therefore charged Plaintiff $75.00.

Pursuant to Fed. R. Civ. P. 37, the Court has broad discretion to make such orders as are just to redress discovery abuse.  *Concrete Materials Corp. v. C.J. Mahan Constr. Co.*, 110 F.3d 63 (6th Cir. Mar. 28, 1997) (unpublished).  Rule 37(d) allows the Court to order that the party or the attorney advising the party, or both, pay the reasonable expenses caused by a failure to attend a properly noticed deposition unless the Court finds that the failure was substantially justified or that other circumstances make the award of expenses unjust.  The Court finds that Defendant Allen's initial failure to appear for his deposition was the result of confusion at his counsel's office.  However, Defendant's counsel has failed to show that the failure to appear was substantially justified given the redundant notifications received at his office and the conversation between counsel during which the deposition was discussed.  The failure to attend the deposition resulted in the $59.95 charge from the court reporting service.

Officer Allen was reportedly sick on the day of his next scheduled deposition.  There is no explanation, however, why he did not contact his counsel so that counsel could notify Plaintiff's counsel to cancel the deposition and avoid the $75.00 charge by the reporting service.  The Court finds that this failure to appear is also substantially unjustified.  It is appropriate to order that Defendant Allen pay $75.00 to Plaintiff's counsel and that Defendant Allen's counsel pay $60.00 to Plaintiff's counsel for the expenses caused by Defendant Allen's failures to appear.  Defendant Allen is ordered to submit himself for deposition at a time and place to be determined by agreement of counsel on or before December 7, 2006.

4

Plaintiff has also filed a Second Motion to Compel (docket no. 47) in which he seeks to have Defendants answer his Third Request for Production of Documents. Defendant has responded to this motion. (Docket no. 53). Plaintiff has filed a Reply. (Docket no. 54). Defendant answered the Request after Plaintiff filed his motion. Plaintiff alleges, however, that the answers are late and that some responses are inadequate and violate Fed. R. Civ. P. 34. (Docket no. 54). The Request is directed to the City of Detroit. (Docket no. 47, ex. 1). The City designated Sergeant Danny Reed to respond. However, his responses show that he is answering them in his individual capacity and not as a representative of the City. Rule 34 allows a party to request documents which are in the possession, custody, or control of the party upon whom the request is served. Because the City is the party, it is not consistent with Rule 34 for Defendant Reed to answer the requests based only on the documents he as an individual possesses or has custody and control. Also, the responses are not signed by Defendants' counsel as required by Fed. R. Civ. P. 26(g)(2). Defendant City of Detroit shall therefore re-answer Plaintiff's Third Request for Production of Documents after having made reasonable inquiry and with the appropriate required signatures.

In view of these rulings, the previously set discovery deadlines must be adjusted. The Court will enter a Third Amended Scheduling Order setting out the new dates. Plaintiff's motion to extend the dates in the scheduling order (docket no. 48) will therefore be denied as moot. All requests for costs and fees and other sanctions are denied except as specifically allowed in this Order.

The Court will hold Defendants' Motion for Summary Judgment in abeyance until after discovery is completed. The parties should therefore proceed with discovery in good faith and submit supplemental briefing on the summary judgment motion once the latest discovery period has

expired.  Plaintiff has also filed a motion for leave to file excess pages (docket no. 55) which will be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (docket no. 31), and Plaintiff's motion to extend discovery (docket no. 48) are DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Order Compelling Defendant Allen to Appear at a Properly Noticed Deposition and for Sanctions (docket nos. 35, 42) are GRANTED.  Defendant Allen shall appear to be deposed at a time and date to be set by counsel on or before December 7, 2006.  Defendant Allen shall within ten days of the entry of this Order submit $75.00 to Plaintiff's counsel.  Defendant Allen's counsel shall within ten days of the entry of this Order submit $60.00 to Plaintiff's counsel.

**IT IS FURTHER ORDERED** that Plaintiff's second motion to compel (docket no. 47) is GRANTED.  Defendant City of Detroit shall re-answer Plaintiff's Third Request for Production of Documents on or before December 6, 2006.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file excess pages (docket no. 55) is GRANTED.


Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: November 20, 2006                    s/ Mona K. Majzoub_____
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion was Served upon Counsel of Record on this date.

Dated: November 20, 2006             s/ Lisa C. Bartlett               
                                        Courtroom Deputy