UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE WASHINGTON,

        Plaintiff,                              CASE NO. 05-CV-72433

-vs-                                             PAUL D. BORMAN
                                                    UNITED STATES DISTRICT JUDGE

CITY OF DETROIT, et al.,               MONA K. MAJZOUB
                                                      UNITED STATES MAGISTRATE JUDGE

        Defendants.

_____/

**OPINION AND ORDER**
**AFFIRMING THE ORDERS OF THE MAGISTRATE JUDGE**

**I.    BACKGROUND**

Before the Court are Plaintiff's December 3, 2006 Objections (Docket No. 60) to the Magistrate Judge's Order (1) Denying Plaintiff's Motion to Compel; (2) Granting Plaintiff's Second Motion to Compel; and (3) Denying Plaintiff's Motion to Extend Discovery. (Docket No. 58). Defendants have not filed timely responses to Plaintiff's Objections.

**II.    ANALYSIS**

    **A.    Standard of Review**

The standard of review under 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a) prescribes that a magistrate judge's nondispositive pretrial orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir.2001). The "clearly erroneous" standard mandates that the district court affirm the magistrate judge's

decision unless, on the entire evidence, it "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948).

The Magistrate Judge has broad discretion under Rule 37 to make such orders as are just to redress discovery abuse. *Concrete Materials Corp. v. C.J. Mahan Constr. Co.,* 110 F.3d 63, 1997 WL 151741 (6th Cir. Mar. 28, 1997) (unpublished table opinion). However, the Magistrate Judge's decision whether or not to award sanctions under FRCP 37 is reviewed under the abuse of discretion standard. *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995).

**B. Plaintiff's Objections**

Plaintiff objects to the Magistrate Judge's decision not to award him sanctions in connection with his two Motions to Compel Discovery (Docket Nos. 31, 47) and Motions to Compel Attendance at Deposition (Docket Nos. 35, 42). Finally, Plaintiff objects to the Magistrate Judge's decision to extend discovery for both parties, rather than only to Plaintiff. (Docket No. 48). Plaintiff argues that the Magistrate Judge failed to impose monetary sanctions against Defendants and their counsel in order to discourage "egregious abuses of the discovery process."

1. Two Motions to Compel Discovery (Docket Nos. 31, 47)

Plaintiff filed a Second Motion to Compel where he sought to have Defendants answer his Third Request for Production of Documents. Plaintiff contends that Defendants' answers were late and that certain responses were incomplete, thus violating Rule 34.

The Magistrate Judge found that Defendant City of Detroit did not adequately answer Plaintiff's Third Request for Production of Documents. The Magistrate Judge further ordered Defendant City of Detroit to re-answer that request.

Plaintiff objects that the Magistrate Judge (1) did not provide a timetable for Defendant to respond to Plaintiff's Third Request for Production of Documents and (2) failed to award costs, including attorney's fees, in connection with the Magistrate Judge's grant of Plaintiff's Motion.

2. Two Motions to Compel Attendance at Deposition (Docket No. 35, 42)

Plaintiff argues that since the Magistrate Judge found that Defendant Allen and his counsel's failure to appear at both scheduled depositions was not substantially justified, Plaintiff should have been entitled to reasonable attorney's fees in addition to the court-awarded court reporter cost. Plaintiff argues that Rule 37 mandates awarding of attorney's fees in this instance and that failure to impose them was an abuse of discretion.

The Magistrate Judge found that in both instances Defendant Allen's failure to attend his depositions was not substantially justified under Rule 37(d). The Magistrate Judge ordered that Defendant pay the court reporter fees of $60.00 and $75.00 and ordered that Defendant Allen to submit himself deposition on or before December 7, 2006.

3. Motion to Extend Discovery for Plaintiff Only (Docket No. 48)

Plaintiff argues that the Magistrate Judge's denial of his Motion to Extend Discovery Dates as to Plaintiff only was in error because "Defendants are being given additional time to engage in discovery when they are the reason that an extension is required" and a "party should not be rewarded for abusing the discovery process." (Pl. Obj. 6).

The Magistrate Judge found that, because of the previous rulings, that the discovery deadlines had to be adjusted. The Magistrate Judge also noted that it would enter a Third Amended Scheduling Order, which she entered on January 17, 2007. (Docket No. 64).

The Court does not find that the Magistrate Judge's decision to deny Plaintiff's Motion to Extend Discovery for Plaintiff Only was contrary to law. The extended Scheduling Order was for the benefit of Plaintiff, since the Magistrate Judge has suggested that Defendants have often not provided timely or complete discovery responses. However, Plaintiff has not shown how Defendants obtaining the benefit of additional discovery deadlines would prejudice him.

### III.    CONCLUSION

Since the Court does not find that the Magistrate Judge abused her discretion, the Court AFFIRMS the Magistrate Judge's Orders. The Court cautions the attorney for Defendants that failure to meet deadlines, and to respond promptly to communications and calls from Plaintiff's attorney, will result in court-ordered sanctions. In addition, due to the alleged continuing "breakdowns" of Defendants' computers and phone system, it is ORDERED that Defense counsel provide to Plaintiff's counsel his cell phone number to facilitate communications.

**SO ORDERED.**

                                            s/Paul D. Borman  
                                            PAUL D. BORMAN  
                                            UNITED STATES DISTRICT JUDGE

Dated:  January 25, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 25, 2007.

s/Denise Goodine<br>Case Manager