**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CLARENCE WASHINGTON,**
        Plaintiff,           **CIVIL ACTION NO. 05-CV-72433-DT**

vs.

                                                  **DISTRICT JUDGE PAUL D. BORMAN**

**CITY OF DETROIT, et al.,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY

This matter comes before the Court on Plaintiff's Third Motion to Compel Discovery filed on December 4, 2006. (Docket no. 61). This is a civil rights action filed by a state prisoner. He alleges that the Detroit Police Department exploded a safe at its Eleventh Precinct sending shrapnel into the neighboring prison yard and injuring him. Plaintiff claims that Defendant City of Detroit has failed to properly respond to his Second Set of Interrogatories to Defendant City of Detroit and his Second Set of Requests to Produce to Defendant City of Detroit. Defendant has not filed a response brief, and the time for filing a response has now expired. All pretrial matters have been referred to the undersigned by Judge Borman. (Docket no. 6). The Court dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(e)(2). The matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

On November 20, 2006 this Court granted Plaintiff's Second Motion to Compel. (Docket no. 58). The previous motion addressed Defendant's responses to Plaintiff's Third Request for Production of Documents. The Court granted the motion because the City had designated Sergeant Reed to respond to the requests but for reasons not fathomable by this Court allowed Sergeant Reed to respond in his individual capacity rather than as a corporate representative for the City. In addition, the responses were not signed by Defendant's counsel as required by Fed. R. Civ. P. 26(g)(2).

-1-

Defendant's responses at issue in the instant motion, served on October 16, 2006 suffer the same defects as Defendant's responses to Plaintiff's Third Request for Production of Documents. Plaintiff's Second Set of Requests to Produce and his Second Set of Interrogatories were both directed to the City of Detroit. (Docket no. 61, exs. 1, 2, 4)[1] The City designated Sergeant Reed to respond to these requests and to answer the interrogatories. Again, his responses demonstrate that he is responding as an individual rather than as a corporate representative for the City. By way of example, Sergeant Reed answers Interrogatory 8 by stating, "I don't have personal knowledge of what information he had." (Docket no. 61, ex. 1). Defendant will therefore be ordered to amend its answers to Plaintiff's Second Set of Interrogatories and designate a representative who will properly give full and complete answers as a representative for Defendant City of Detroit rather than in an individual capacity.

Defendant's counsel failed to sign Defendant's Response to Plaintiff's Second Set of Requests to Produce as required by Fed. R. Civ. P. 26(g)(2). Defendant will therefore amend its responses to include defense counsel's signature. Plaintiff complains that the response to request number 3[2] is insufficient. Plaintiff's Request to Produce number 3 asks for any communications between the Eleventh Precinct and the prison. In response, Defendant states "None are available at this time. However, if any such documents are located, they will be sent to you." Plaintiff argues that he has a right to know if the documents existed on the day of the incident and if these documents were destroyed or are simply not being produced. In addition to amending its response to this request, assuming Defendant is still unable to locate and produce any documents, Defendant will certify in its amended written responses that a diligent search was made and will describe the specific details of that search.

---

[1] Plaintiff's exhibit 3 was supposed to be his Second Requests to Produce. However, Plaintiff mistakenly attached his Third Request for Production of Documents there. Nevertheless, Defendant's Response shows that the request was directed to the City and not to Sergeant Reed.

[2] Plaintiff identifies this as request 4, but Defendant's responses show it as number 3.

Request number 5 asks for copies of documents "that relate to incidents where 'small directional charges are used' that are or were provided to the police officers involved with the incident alleged in the complaint." Defendant's response is that "[p]rocedures cannot be disseminated to the public." Plaintiff claims this response is an objection which was waived because Defendant failed to timely respond to the request. Plaintiff requests production of these documents claiming that they are relevant to the issue of whether the officers followed their own procedures. Defendant's Response was served on October 16, 2006, before the Court's earlier order was entered, but well after the thirty-day deadline allowed for a response under Fed. R. Civ. P. 34(b). Plaintiff served his Requests on June 16, 2006. (Docket no. 61 at 2). Defendant has, therefore, waived any objection to this request. *Godsey v. United States*, 133 F.R.D. 111 (S.D. Miss. Dec. 13, 1990).

This Court finds that Defendant's response is an attempted "objection" which is improper in form and which has been waived. The Court further finds that the nature of the documents requested, namely manuals and other documents which may reveal bomb-making and disposal methods, presents a public safety issue which necessitates limiting general access to the production of these documents. Accordingly, Defendant will produce any and all documents responsive to the request subject to a protective order to be drafted by the parties and which will expressly limit access to said documents to the Court and counsel during the discovery period of this litigation.

Plaintiff has moved the Court to award sanctions against Defendant City of Detroit and counsel. Plaintiff has shown that defense counsel failed to sign the City's Response to Plaintiff Washington's Second Set of Requests to Produce to Defendant City of Detroit. (Docket no. 61, ex. 2). This is a violation of Fed. R. Civ. P. 26(g)(2) which provides that every discovery response "be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated." This signature "constitutes a certification that to the best of the signer's knowledge, information, and belief, formed

after a reasonable inquiry," the response or objection is, among other statements, consistent with the discovery rules and law. Fed. R. Civ. P. 26(g)(2). The Court finds that Defendant's counsel of record, Mr. Jenkins, violated Rule 26(g)(2) by failing to sign the City's discovery response. Mr. Jenkins did, however, sign the City's Answer to Plaintiff's Second Set of Interrogatories to Defendant (docket no. 61, ex. 1). But by allowing Sergeant Reed to answer the interrogatories improperly as set out above, Mr. Jenkins failed to ensure that Defendant's responses were in compliance with the Rules of Civil Procedure. This also violates Rule 26(g)(3). Plaintiff's motion to compel could have been avoided entirely if Defendant's counsel had complied with Rule 26. The Court will therefore award as sanctions to Plaintiff its reasonable expenses incurred because of Defendant counsel's failures to comply with Rule 26. Plaintiff will therefore submit to the Court a bill of costs detailing the reasonable expenses incurred because of Defendant counsel's failure to properly sign and certify these discovery responses.

**IT IS THEREFORE ORDERED** that Plaintiff's Third Motion to Compel Discovery (docket no. 61) is **GRANTED** to the extent above described and is otherwise denied.

**IT IS FURTHER ORDERED** that Defendant City of Detroit amend its answers to Plaintiff's Second Set of Interrogatories in the manner directed within 14 days of the date of entry of this Order.

**IT IS FURTHER ORDERED** that Defendant City of Detroit amend its responses to Plaintiff's Second Set of Requests to Produce within 14 days of the date of entry of this Order. This response will include the written certification concerning Request number 3 as directed in the body of this Order.

**IT IS FURTHER ORDERED** that Defendant will submit to Plaintiff's counsel within 7 days of the entry of this Order a proposed Protective Order which the parties will agree upon and finalize before Defendant must produce documents pursuant to Request number 5.

**IT IS FURTHER ORDERED** that Plaintiff is awarded sanctions in an amount to be determined against Defendant's counsel of record, Mr. Jenkins. Plaintiff will submit within ten (10) days of the entry of this Order a bill of costs detailing the reasonable expenses incurred in the filing of Plaintiff's Third Motion to Compel Discovery. Defendant may respond to Plaintiff's bill of costs within five (5) days of its entry on the docket.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: January 30, 2007            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Clarence Washington and Counsel of Record on this date.

Dated: January 30, 2007            s/ Lisa C. Bartlett
                                   Courtroom Deputy