UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE WASHINGTON,

       Plaintiff,                       CASE NO. 05-CV-72433

-vs-                                    PAUL D. BORMAN
                                         UNITED STATES DISTRICT JUDGE

CITY OF DETROIT, et al.,

                                         MONA K. MAJZOUB
      Defendants.                UNITED STATES MAGISTRATE JUDGE
_____/

**OPINION AND ORDER
AFFIRMING THE MAGISTRATE JUDGE'S ORDER
GRANTING PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY**

Before the Court are Defendants' February 9, 2007 Objections (Docket No. 73) to the Magistrate Judge's January 30, 2007 Order Granting Plaintiff's Third Motion to Compel Discovery (Docket No. 69). *See Washington v. City of Detroit*, No. 05-72433, 2007 WL 313517 (E.D. Mich. Jan. 30, 2007) (unpublished). Having considered the entire record, and for the reasons that follow, the Court AFFIRMS the Order of the Magistrate Judge.

**I.    BACKGROUND**

This case involves a civil rights action brought by a state prisoner who claims that he was injured by errant shrapnel when the Detroit Police Department exploded a safe at its Eleventh Precinct facility. The Magistrate Judge's Order highlights the serious and ongoing discovery problems between the parties.

On November 20, 2006, the Magistrate Judge granted Plaintiff's Second Motion to

1

Compel. The Order addressed the fact that the City of Detroit had designated Sergeant Reed to respond to Plaintiff's Third Request for Production of Documents in her individual, rather than representative, capacity. The Order also found that Defendants' counsel failed to sign the responses as required by FRCP 26(g)(2).

The Magistrate Judge's January 30, 2007 Order granted Plaintiff's December 4, 2006 Third Motion to Compel Incomplete Answers (Docket No. 61), which concerns Defendants' October 16, 2006 responses to Plaintiff's Second Set of Requests to Produce and Second Set of Interrogatories. For the purposes of these instant Objections, the Magistrate Judge found:

(1) The City of Detroit designated Sergeant Reed to respond to Plaintiff's Second Set of Interrogatories, who then responded to them in his individual, rather than representative, capacity; and

(2) Defendants' counsel failed to sign the Response to Plaintiff's Second Set of Requests to Produce as required by FRCP 26(g)(2).

Upon Plaintiff's request, the Magistrate Judge awarded Plaintiff reasonable attorney's fees in connection with bringing its Third Motion to Compel as sanctions for counsel's failure to comply with Rule 26(g). *Washington,* 2007 WL 313517, at *2.

Defendants object that Plaintiff should be not be awarded reasonable attorney's fees because (1) the failure to sign the Second Set of Requests to Produce should have resulted in response being stricken and resubmitted, rather than in the imposition of sanctions under FRCP 26(g)(2); (2) the failure to sign was corrected immediately upon being brought to counsel's attention; and (3) Defendants have complied and are otherwise complying with discovery requests.

Plaintiff responds that the Magistrate Judge imposed sanctions for two reasons: (1)

because Defendants' attorney failed to sign the responses to Plaintiff's Second Set of Requests to Produce; and (2) because Defendants' attorney signed the response to Plaintiff's Second Set of Interrogatories, without making a reasonable inquiry that the responses were complete and correct. Plaintiff also points out that sanctions can be imposed for incomplete or evasive answers under FRCP 37(a)(4).

The standard of review under 28 U.S.C. § 636(b)(1)(A) and FRCP 72(a) dictates that a magistrate judge's nondispositive pretrial orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir.2001). The "clearly erroneous" standard mandates that the district court affirm the magistrate judge's decision unless, on the entire evidence, it "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948). A decision whether or not to award sanctions under Rule 26(g) is reviewed under an "abuse of discretion" standard. *McHugh v. Olympia Entm't, Inc.*, 37 Fed. Appx. 730, 741 (6th Cir. May 28, 2002) (unpublished).

Rule 26(g)(1) states, in relevant part, that "[t]he signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the disclosure is complete and correct, as of the time it is made." Rule 26(g)(2) adds that if a response is not signed, it should be stricken "unless it is signed promptly after the omission is called to the attention of the party making the response." Rule 26(g)(3) authorizes "appropriate sanction," including reasonable attorney's fees, if a party violates Rule 26 "without substantial justification."

3

The Sixth Circuit has recognized that:

Rule 26 requires discovery-related filings to be signed by the attorney of record. The signature certifies that the filing conforms to the discovery rules, is made for a proper purpose, and does not impose undue burdens on the opposing party in light of the circumstances of the case. Sanctions under Rule 26(g)(3) are not discretionary if the district court finds that a discovery filing was signed in violation of this rule.

*McHugh,* 37 Fed. Appx. at 741 (internal citation omitted) (emphasis added).

Even if this Court were to accept Defendants' contention that their attorney's failure to sign Plaintiff's Second Set of Requests to Produce amounted to a careless "oversight," the Magistrate Judge also concluded that Defendants' counsel signed his name on the responses to Plaintiff's Second Set of Interrogatories, even though counsel was aware that the interrogatories were explicitly directed to an individual who could answer them in an official representative capacity for the City of Detroit, rather than in an individual capacity. *Washington*, 2007 WL 313517, at *1-2. Implicit in this ruling, the Magistrate Judge found that Defendants' counsel had no "substantial justification" for signing the responses without making a reasonable inquiry as to what entity the discovery request was directed and as to the completeness and correctness of Sergeant Reed's responses, pursuant to counsel's obligations under Rule 26(g). Since the Magistrate Judge found that counsel violated Rule 26(g) without "substantial justification," sanctions are mandatory. *McHugh*, 37 Fed. Appx. at 741.

Accordingly, this Court does not find the Magistrate Judge's reasoning on the applicability of Rule 26(g) in the instant case to be "clearly erroneous" or "contrary to law." Furthermore, the Court does not find that awarding reasonable attorney's fees to Plaintiff as sanctions in connection with bringing the Third Motion to Compel constituted an abuse of discretion.

### III.     CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Magistrate Judge's Order Granting Plaintiff's Third Motion to Compel.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 22, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 22, 2007.

s/Denise Goodine
Case Manager
