UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CLARENCE WASHINGTON,**

   **Plaintiff,**   CIVIL ACTION NO.  05-CV-72433-DT

 VS.   DISTRICT JUDGE PAUL D. BORMAN

**DETROIT, CITY OF,**   MAGISTRATE JUDGE MONA K. MAJZOUB
**et al.,**
   **Defendants.**
          /

### OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REDEPOSE DEFENDANTS AND DENYING DEFENDANTS' MOTION TO FILE A SURREPLY BRIEF

  This is a civil rights action filed by Plaintiff Washington, a Michigan inmate, alleging that Detroit police officers opened a safe by detonating explosive charges which sent shrapnel into the adjoining prison yard area injuring him.  The matter comes before the Court on Plaintiff's Motion to Redepose Defendants about a safe located in the parking lot of the City's Northeastern District Police Station.  This is where the explosion that injured Plaintiff allegedly occurred.  The motion was filed on January 17, 2007.  (Docket no. 65).  Defendant City of Detroit has responded to the motion.  (Docket no. 72).  Plaintiff has filed a Reply brief.  (Docket no. 75).  Defendant has filed a Motion for Leave to File a Surreply and has filed the Surreply.  (Docket nos. 81, 86).  Plaintiff has filed a Motion to Strike Defendants' Surreply.  (Docket no. 82).

  All pretrial matters have been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 6).  The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decisional process would not be

significantly aided by oral argument. Therefore, these motions will be decided without oral argument pursuant to E.D. MICH. LR 7.1(e)(2).

Plaintiff's counsel discovered the safe at issue located in the parking lot of the City of Detroit Police Department's Eleventh Precinct (which is now known as the Northeastern District Police Station). A police officer who was escorting Plaintiff's counsel allegedly said that the safe was the one involved in this litigation. (Docket no. 66 at 2). Defendant states that it has not been verified that the safe in the parking lot is the one at issue in this case. (Docket no. 71 at 1). Defendant has submitted the affidavit of Sgt. Danny Reed of the Detroit Police Department who states that he used a directional charge to explode a safe at the Eleventh Precinct on April 19, 2004, the day that Plaintiff alleges he was injured by flying shrapnel. (Docket no. 72, ex. A).

Plaintiff seeks to depose again the Defendants to ask questions about the safe, its design, dimension, and the damage that the explosive charge did to the safe. Plaintiff alleges that in his Third Interrogatory Request No. 8 he asked for the location of the safe and that Defendant Reed, as a representative for the City, stated that he had no information as to its whereabouts. After the Defendants' depositions were taken, Plaintiff found the remains of the safe at the police station. Plaintiff therefore wishes to take depositions again to gather evidence about this particular safe and to determine whether this is the safe that Defendant Reed exploded on April 19, 2004. If Defendants had made a proper and diligent investigation before responding to the earlier discovery requests, Plaintiff argues that he could have asked these questions in the earlier depositions. Plaintiff therefore asks that Defendants be made to pay for these second depositions.

Defendants contend that a proper investigation was conducted prior to responding to the earlier discovery request. Defendants cite the deposition testimony of Officer Byrge who called Sgt.

Reed to investigate the safe.  Defendants state that Byrge testified that he did not know where the safe was located.  (Docket no. 72 at 2).  This is the only argument that Defendants make regarding their inquiry, however.  The Court finds this explanation to be inadequate.  Interrogatory 6 of Plaintiff's Second Set of Interrogatories asked Defendant Reed as the City's representative to identify the current location of the safe.  (Docket no. 61, ex. 4).  Reed answered that he did not know the location of the safe.  (*Id*. ex. 1).  Defendants say that Reed stated that he left the safe at the precinct after it was opened.  (Docket no. 72 at 1).  The precinct should therefore have been the first place he looked for the safe.  Defendants have not shown that they made a reasonable inquiry, as required by Fed. R. Civ. P. 26(g)(1), as to their previous discovery responses on this issue.[1]  An adequate inquiry would likely have resulted in the safe being discovered.  That discovery would have avoided the present motion and the need for another deposition.

Given the nature of the information sought, however, Plaintiff has failed to show a need to redepose all Defendants.  Defendant Reed is the one who exploded the safe on April 19, 2004.  Therefore, he should be fully capable of stating whether the safe located at the Northeastern station is the one he exploded.  Plaintiff's motion will therefore be granted in part.  Plaintiff will be permitted to depose Defendant Reed as a representative for the City of Detroit for a second time.  Counsel for Defendant City should ensure that Defendant Reed examines the safe at issue before his deposition so that Reed can state whether this is the safe that he exploded on April 19, 2004.  In addition, Defendant Reed should be ready to answer Plaintiff's questions regarding the dimensions

---

[1] The Court has broad discretion to control the discovery process and prevent discovery abuses.  *Concrete Materials Corp. v. C.J. Mahan Constr. Co.*, 110 F.3d 63 (6th Cir. Mar. 28, 1997) (unpublished).

3

and design of the safe and the damage done to the safe by the explosion. Defendant City of Detroit will pay for the cost of his deposition.

Defendants have filed a Surreply brief and a motion for leave to file their Surreply. Plaintiff has moved to strike Defendants' Surreply. A Surreply is not contemplated by Local Rule 7.1 under normal circumstances. The Court finds no need for a Surreply brief on this motion. Accordingly, Defendants' motion for leave to file it will be denied, Plaintiff's motion to strike will be granted, and the brief will be stricken.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Redepose Defendants (docket no. 65) is **GRANTED IN PART** as set out above and is otherwise denied**.**

**IT IS FURTHER ORDERED** that Defendant Reed appear to be deposed as a representative of Defendant City at a mutually agreeable time to be arranged by counsel. Defendant Reed is ordered to examine the safe in the parking lot of the Northeastern District Police Station and be prepared to answer questions regarding it including whether it is the safe he opened by an explosive charge on April 19, 2004, and if so, be prepared to answer questions regarding the dimension and design of the safe and the damage to it by the opening on that day.

**IT IS FURTHER ORDERED** that Defendant City of Detroit shall pay the costs of Defendant Reed's second deposition.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Document 81 (docket no. 86) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (docket no. 82) is **GRANTED,** and that docket no. 81 is **STRICKEN** from the docket.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 14, 2007                s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Clarence Washington and Counsel of Record on this date.

Dated: March 14, 2007                s/ Lisa C. Bartlett
                                     Courtroom Deputy