UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE WASHINGTON,

       Plaintiff,            CIVIL ACTION NO.  05-CV-72433-DT

 VS.                          DISTRICT JUDGE PAUL D. BORMAN

DETROIT, CITY OF,       MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
       Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO PRESERVE EVIDENCE

This is a civil rights action filed by Plaintiff Washington who is a Michigan inmate alleging that the Detroit police opened a safe by detonating explosive charges which sent shrapnel into the prison yard area injuring him.  The matter comes before the Court on Plaintiff's Motion to Preserve Evidence filed on January 17, 2007.  (Docket no. 66).  All pretrial matters have been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 6).  The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decisional process would not be significantly aided by oral argument.  Therefore, this motion will be decided without oral argument pursuant to E.D. MICH. LR 7.1(e)(2).  Defendant City of Detroit has responded to the motion.  (Docket no. 71).  Plaintiff has filed a Reply brief.  (Docket no. 78).  The matter is now ready for ruling.

    Plaintiff's counsel discovered the safe at issue located in the parking lot of the City of Detroit Police Department's Eleventh Precinct (which is now known as the Northeastern District Police Station).  A police officer who was escorting Plaintiff's counsel allegedly said that the safe was the one involved in this litigation.  (Docket no. 66 at 2).  Defendant states that it has not been verified that the

safe in the parking lot is the one at issue in this case. (Docket no. 71 at 1). Defendant states that the officer "could not identify the safe as the same safe involved in this lawsuit." (*Id.* at 2). Therefore, Defendant neither admits nor denies that this is the same safe involved in this action. The safe has apparently been sitting in this spot since Plaintiff was injured on April 19, 2004. (Docket no. 66 at 2). Plaintiff asks that the Defendant be ordered to either leave the safe in its present position and wrap it to protect it from the elements or have it moved into the precinct's garage. (Docket no. 78 at 4).

Courts may order a party to preserve evidence through its equity powers and its power to control the discovery process and duty of overall case management. *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 432-33 (W.D. Pa. 2004). Courts consider three factors when deciding whether to grant a motion to preserve evidence: (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in the absence of an order directing preservation; (2) any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order directing preservation; and (3) the capability of the party to maintain the evidence sought to be preserved.

After considering the appropriate factors, the Court finds that the Order should issue. The safe is potentially an important piece of evidence in this litigation because it may show whether Plaintiff's alleged injury by shrapnel from the safe is tenable. The Court is concerned about Defendant's willingness to voluntarily preserve this evidence. Defendant contends that it was "under the impression that the whereabouts of the safe were unknown" before Plaintiff's counsel discovered it by chance at the precinct. (Docket no. 71 at 1-2). Defendant's failure to locate this safe earlier and failure to determine, even up to the present time, whether it is the safe at issue causes the Court to conclude that no action will be taken to preserve this safe absent a court order. The safe is presently in the parking lot exposed to the elements and to the possibility that someone might alter

its condition without realizing the significance of his or her act.  Finally, the limited actions that the Court will order to preserve this evidence will not place an undue burden on Defendant and are well within the capability of Defendant.  Accordingly, the Court will grant this motion and order Defendant to leave the safe in its present position but wrap it with a protective covering which will shield it from the elements and provide some protection against someone inadvertently altering the condition of the safe or moving it.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Preserve Evidence (docket no. 66) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant City of Detroit preserve the safe at issue located at the City's Northeastern District Police Station by leaving the safe in its present position in the parking lot of that station and protect it from the elements by wrapping it with a protective covering.

**IT IS FURTHER ORDERED** that within five days of the entry of this Order Defendant's counsel file a Notice of Compliance certifying compliance with this Order.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: Dated: March 14, 2007          s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

  I hereby certify that a copy of this Opinion and Order was served Clarence Washington and Counsel of Record.

Dated: March 14, 2007          s/ Lisa C. Bartlett
                  Courtroom Deputy