UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE WASHINGTON,

        Plaintiff,        CIVIL ACTION NO.  05-CV-72433-DT

  VS.        DISTRICT JUDGE PAUL D. BORMAN

DETROIT, CITY OF,        MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO STRIKE

This matter comes before the Court on Defendant's Motion to Strike Response to Defendant's First Set of Request for Documents and Impose Sanctions filed on March 1, 2007.  (Docket no. 93). Plaintiff has filed a Response to this motion.  (Docket no. 97).  The matter is before the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 6).  The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decisional process would not be significantly aided by oral argument.  Therefore, this motion will be decided without oral argument pursuant to E.D. Mich. LR 7.1(e)(2).

Defendant relies on Fed. R. Civ. P. 26(g) which requires that a discovery response be signed by an attorney of record, whose address shall be stated.  Fed. R. Civ. P. 26(g)(2).  If the response is not signed, the response "shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the" response.  *Id.*  Defendant alleges that Plaintiff's response served on June 8, 2006 to Defendant's First Set of Request for Documents was not signed by the Plaintiff, was signed contrary to Rule 26 by Plaintiff's counsel (because counsel did not state his address), and was devoid of attached documents.  Defendant contends that Plaintiff's response violated Rule 26 because

Plaintiff's counsel's address was not stated.[1] Defendant argues that the response should be stricken and sanctions should be imposed. The Court has broad discretion to control the discovery process and prevent discovery abuses. *Concrete Materials Corp. v. C.J. Mahan Constr. Co.*, 110 F.3d 63 (6th Cir. Mar. 28, 1997) (unpublished).

Plaintiff shows that as soon as his counsel was notified of the defect counsel sent a new signature page to Defendant's counsel. (Docket no. 97). This page was sent on March 8, 2007, seven days after Defendant filed its motion. *Id.* Plaintiff also points out that Defendant's motion fails to state that counsel sought concurrence for the motion as required by E.D. Mich. LR 7.1(a). If such concurrence had been sought, Plaintiff's counsel states that the signature page would have been provided the same day.

Defendant's motion to strike is not in compliance with Local Rule 7.1(a) which requires, absent concurrence, that the motion state that the attorneys conferred or that the movant made reasonable efforts to conduct a conference. Moreover, Plaintiff shows that it promptly sent Defendant's counsel a corrected signature page once the omission was called to his attention. Under such circumstances, Rule 26 does not authorize striking the response. The Court also finds no basis for awarding sanctions under Rule 26(g)(3).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Response to Defendant's First Set of Request for Documents and Impose Sanctions (docket no. 93) is **DENIED.**

## NOTICE TO PARTIES

---

[1] Because Plaintiff was represented by counsel who signed the response, Plaintiff himself was not required to sign it. Fed. R. Civ. P. 26(g)(2).

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated:   March 14, 2007	s/ Mona K. Majzoub
	MONA K. MAJZOUB
	UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: March 14, 2007	s/ Lisa C. Bartlett
	Courtroom Deputy