UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE WASHINGTON,

             Plaintiff,             CIVIL ACTION NO. 05-CV-72433-DT

vs.

                             DISTRICT JUDGE PAUL D. BORMAN

DETROIT, CITY OF,          MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

             Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**

(1)  Defendants' Motion for Summary Judgment filed on October 25, 2006 (docket no. 41) should be **DENIED WITHOUT PREJUDICE**.

(2) The Motion for Summary Judgment filed by Defendants Lloyd Allen and Tanisha Bridgewater on February 20, 2007 (docket no. 88) should be **GRANTED.**

**II.**    **REPORT:**

    *A.*    *Procedural History, Facts, and Claims*

This is a civil rights action filed by Plaintiff Washington, a Michigan inmate, alleging that the Detroit police detonated an explosive charge to open a safe at the Eleventh Precinct which sent shrapnel into the nearby prison yard injuring him.  Plaintiff raises a claim that Defendants were deliberately indifferent to a substantial risk of harm to him in violation of his constitutional rights pursuant to 42 U.S.C. § 1983. (Docket no. 22).  Plaintiff also raises state law claims of negligence, battery, strict liability, and res ipsa loquitor.  (*Id.*)  He seeks declaratory relief and damages.  (*Id.*)

This matter comes before the Court on two motions for summary judgment.  The first motion was filed on October 25, 2006 by all Defendants.  (Docket no. 41).  The second motion was filed on

February 19, 2007 by Defendants Allen and Bridgewater, two Detroit police officers.  (Docket no. 88).

In an Order entered on November 20, 2006, this Court noted that the first summary judgment motion was pending.  (Docket no. 58).  There were factual matters in dispute which necessitated holding that motion in abeyance until after the discovery period ended.  Since that time, the parties have encountered many problems during discovery which have required the intervention of the Court to resolve.  There are still at this time several discovery motions pending.

The second motion for summary judgment was filed by Defendants Allen and Bridgewater only.  They contend that at the time of the explosion they were trainees only and did not participate in any way in the opening of the safe.  They attach to their motion excerpts from their depositions.  (Docket no. 88, attached exhibits).  Defendant Allen testified during his deposition that he was a trainee at the time whose job was "just observation."  (*Id.* ex. A).  He was behind a truck at the time of the explosion.  (*Id.*)  Similarly, Defendant Bridgewater testified during her deposition that at the time of the explosion she was also a trainee.  She stated that she did not participate at all in the "run."  (*Id.* ex. B).  She simply watched along with Officer Allen from about 100 to 150 feet away from the safe.  (*Id.*)

Plaintiff has not responded to the Motion for Summary Judgment filed by Defendants Allen and Bridgewater.  The time for responding has now expired.  All pretrial matters have been referred to the undersigned for decision or recommendation.  (Docket no. 6).  These matters are therefore ready for ruling.

B.      *Governing Law*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party has the burden of showing an absence of evidence to support the non-moving

party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that defendants violated a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In order to state an Eighth Amendment claim for non-penal conduct, Plaintiff must show that Defendants' conduct reflects an unnecessary and wanton infliction of pain. *Ingraham v. Wright*, 430 U.S. 651, 670 (1977). Plaintiff must show that the pain is sufficiently serious. *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). He must also show that Defendants had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Such a state of mind occurs when the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837.

C.    *Motion for Summary Judgment of Defendants Allen and Bridgewater*

Defendants Allen and Bridgewater have come forward and shown by their deposition testimony that their conduct did not deprive Plaintiff of any constitutional right, including his right to be free from cruel and unusual punishment under the Eighth Amendment. Plaintiff must present significant evidence

showing that a genuine issue exists for trial on this issue to prevent summary judgment being granted against him. *Covington*, 205 F.3d at 915. "A claimed constitutional violation must be based upon active unconstitutional behavior." *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Plaintiff has failed to show that there is a genuine issue of fact in dispute regarding the conduct of these two Defendants. No evidence disputes their showing that their behavior did not violate any of Plaintiff's constitutional rights. They simply observed the explosion of the safe which was caused by other Defendants.

Plaintiff raises other grounds for relief under state law. Plaintiff claims that Defendants acted negligently by failing to notify prison officials prior to the explosion and by failing to take any other safety precautions to protect individuals at the prison. Plaintiff also raises two claims of battery by Defendants placing him at an unreasonable risk of injury and by Defendants intentionally causing him injury when he was struck by debris. Plaintiff's theory of strict liability is based on his allegation that Defendants engaged in an ultra-hazardous and/or inherently dangerous activity. Finally, Plaintiff's theory of res ipsa loquitor is based on his allegation that Defendants were responsible for the explosion in every respect and therefore are liable under res ipsa loquitor.

Under each of these theories Plaintiff alleges and must establish that Defendants' conduct caused his injuries. (Docket no. 22 at 5-6). *See Lelito v. Monroe*, 273 Mich. App. 416 (Mich. App. 2006) (to establish negligence, plaintiff must show that defendant owed duty to plaintiff, breach of that duty, that breach caused plaintiff's injuries, and that plaintiff suffered damages); *Espinoza v. Thomas*, 189 Mich. App. 110, 119 (Mich. App. 1991) (battery is wilful and harmful or offensive touching of another person which results from act intended to cause such contact). The theories of strict liability and res ipsa loquitor relieve Plaintiff of his duty to show negligence or allow an inference of negligence. However, Plaintiff must still show that the conduct of the Defendant injured him. *Nationwide Ins. Co. v. Township of West Bloomfield*, 2004 WL 2389877 (Mich. App. Oct. 26, 2004) (plaintiff alleging strict liability tort must

-4-

still show causation).  Defendants have shown, however, that their conduct could not have caused Plaintiff's injuries under any of these theories.  Defendants Allen and Bridgewater are therefore entitled to summary judgment in their favor on all claims.

D.      *Motion for Summary Judgment of all Defendants*

The first Motion for Summary Judgment filed by all Defendants has been pending for some time.  Because of the many problems the parties have encountered during discovery, the Court is not able to address this motion at this time.  It is apparent that following the close of discovery supplemental briefing will be necessary before that motion will  be ready for decision by the Court.  In consideration of all of these factors, the Court finds that the better course now is to deny that motion without prejudice and allow Defendants to re-file that motion with new briefing after discovery has closed.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: April 16, 2007                         s/ Mona K. Majzoub_____
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE



## **PROOF OF SERVICE**

        I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: April 16, 2007                         s/ Lisa C. Bartlett_____
                                              Courtroom Deputy