UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE WASHINGTON,

        Plaintiff,        CIVIL ACTION NO.  05-CV-72433-DT

 VS.        DISTRICT JUDGE PAUL D. BORMAN

DETROIT, CITY OF,        MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.

_____/

## OPINION AND ORDER GRANTING SANCTIONS

This matter comes before the Court on Plaintiff's Bill of Costs filed on February 10, 2007. (Docket no. 74).  Plaintiff filed his Bill of Costs as directed by this Court's Order of January 30, 2007. (Docket no. 69).  In that Order, this Court granted Plaintiff's Third Motion to Compel Discovery and directed Plaintiff to file his Bill of Costs detailing the reasonable expenses incurred because of Defendant counsel's failure to properly sign and certify the discovery responses at issue in that motion. Plaintiff was to submit his Bill of Costs within 10 days of the date of entry of that Order.  Plaintiff did so.  Defendant was given the opportunity to respond within 5 days of the entry of Plaintiff's Bill of Costs.  Defendant failed to submit a Response.  This matter is therefore ready for ruling.

In the earlier Order this Court found that Plaintiff was entitled to sanctions against Defendant's counsel of record, Mr. Jenkins.  Therefore, the only question remaining is the amount of sanctions that should be imposed because of Plaintiff's successful motion to compel.  Rule 37(a)(4)(A) authorizes the Court to order the payment of "the reasonable expenses incurred [by the moving party] in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(4)(A).  Such an order may be directed to the party or to the attorney advising such conduct.  Plaintiff's Third Motion to Compel was directed to Defendant City of Detroit.  Counsel Jenkins represented the City of Detroit.  This Court found in the

earlier Order that Counsel Jenkins failed to sign Defendant's Response to Plaintiff's Second Set of Requests to Produce as required by Fed. R. Civ. P. 26(g)(2). This Court also found that Counsel Jenkins improperly signed Defendant's Answer to Plaintiff's Second Set of Interrogatories to Defendant in violation of Rule 26(g)(3). This Court concluded that Plaintiff's motion to compel could have been avoided entirely if Defendant's counsel had complied with Rule 26.

Plaintiff's counsel shows that he spent 4.7 hours on Plaintiff's Third Motion to Compel. He states that he has previously been compensated by the federal courts at a rate of $250 per hour. Counsel therefore seeks a total of $1,175 in costs including attorney's fees. After reviewing the motion that Plaintiff filed, the Court finds that a more reasonable amount of time for making the motion is 2.3 hours. The Court finds that rate of $250 per hour to be reasonable. Therefore, Plaintiff's motion for sanctions is granted in the amount of $575.00.

**IT IS THEREFORE ORDERED** that Defendant's Counsel Mr. Jenkins pay to Plaintiff's counsel the amount of $575.00 on or before 5:00 p.m. on May 4, 2007.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 26, 2007　　　　　　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

     I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: April 26, 2007                     s/ Lisa C. Bartlett
                                                    Courtroom Deputy