UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE WASHINGTON,

       **Plaintiff,**     CIVIL ACTION NO.  05-CV-72433-DT

 VS.     DISTRICT JUDGE PAUL D. BORMAN

DETROIT, CITY OF,     MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
       **Defendants.**

_____/

## OPINION AND ORDER RESOLVING PENDING DISCOVERY MOTIONS

This matter comes before the Court on several discovery motions filed by both Plaintiff and Defendant City of Detroit. The motions have been briefed and responses filed or the time for filing a response has expired. The Court held a status conference on April 26, 2007 and heard from counsel on each of these pending motions. All pretrial matters have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 6). These matters are now ready for ruling.

**1.**     **Plaintiff's Fourth Motion to Compel and for Sanctions filed on 1/18/07 (docket no. 67).**

Defendant City of Detroit was ordered to amend its response to Plaintiff's Third Request for Production of Documents by December 15, 2006. (Docket nos. 58, 63 (extension)). Defendant served its amended response on February 9, 2007. (Docket no. 105). In two orders prior to the service of this response the Court had warned Mr. Jenkins, counsel for the City, that the police officers designated to respond to discovery requests for the City were to respond as the City's agents rather than as individuals. (Docket nos. 58, 69). The City's amended response served on February

9, 2007 was signed by Officer Walton of the Detroit Police Department and by Mr. Jenkins. (Docket no. 105).

Request No. 7 was for Defendant City to produce photographs of the safe or any fragments of the safe that was exploded at the Eleventh Precinct on April 19, 2004. Officer Walton's response was: "Pictures never were taken by property officer. However, it is my understanding that you took pictures and a video when you inspected the property." Request No. 9 asked the City for copies of the personnel files of each police officer involved in the explosion of the safe at issue. Officer Walton's response was in relevant part: "Unknown who was present, property officer ws [sic] off duty at the time of detonation." Officer Walton responded in similar fashion to Request No. 10 by stating: "Writer not present at time of explosion."

These requests were directed to the City of Detroit. (Docket no. 105). The City chose to have Officer Walton respond to them as the City's representative. The above responses show that Officer Walton answered not as the City's representative but as an individual. Her knowledge was limited to her personal knowledge rather than encompassing the knowledge of the City. The Court finds that there is no excuse for the City and Counsel Jenkins to have allowed Officer Walton to answer in this manner after two previous Court Orders clearly warned and admonished the City about this erroneous practice. Moreover, the City's amended response was served almost two months late. Finally, under Fed. R. Civ. P. 26(g)(2), Counsel Jenkins signed this response certifying that the response was made after reasonable inquiry and that the response was consistent with the Rules of Civil Procedure. This certification was not substantially justified given Officer Walton's responses showing that she was not responding appropriately as the City's representative. Accordingly, Plaintiff's Motion to Compel will be granted. Defendant must once again amend its

response. In addition, under Fed. R. Civ. P. 37(a)(4)(A) the Court awards sanctions against the City of Detroit in the amount of $250 as reasonable expenses including attorney fees for Plaintiff having to make this motion. Defendant's second amended response is to be filed on or before 5:00 p.m. on May 4, 2007. Defendant will also pay Plaintiff's counsel the amount awarded as sanctions by this date and time.

**2.    Defendant City of Detroit's Motion for Leave to File Response filed on 2/19/07 (docket no. 87).**

Defendant seeks leave of court to file a response to docket no. 77 which is a Reply brief filed by Plaintiff on his Motion to Compel (docket no. 67). This motion will be denied because such a sur-reply is not contemplated in the normal course by the local rules and no good cause is shown for such a filing. E.D. Mich. L.R. 7.1 (d)(1) and (f). However, the Court does take notice of Defendant's contention in this motion as to the filing to which it wishes to respond.

**3.    Defendant City of Detroit's Motion to Compel Production of Documents filed on 3/2/07 (docket no. 95) and Defendant's Renewed Motion to Compel filed on 3/28/07 (docket no. 107).**

Defendant City of Detroit in these two motions seeks the medical records of Plaintiff which may be held by St. John Hospital. During the April 26 status conference, Defendant's counsel stated that he would be satisfied if he received Plaintiff's signed medical release form for St. John Hospital. Defendant's counsel could not state definitely whether he had received such a release, however. Plaintiff's counsel thereafter contacted the Court as instructed and stated that he had a certificate of service for Plaintiff's signed medical release form for St. John Hospital served on Defendant on April 4, 2007. Accordingly, this motion is now moot and will be denied on that basis.

**4.     Defendant City of Detroit's Motion for Enlargement of Time to Produce Manuals filed on 3/19/07 (docket no. 104).**

Defendant City of Detroit has produced the manuals at issue in this motion. The motion is therefore moot and will be denied on that basis.

**5.     Plaintiff's Motion for Sanctions Based on Contradictory Discovery Responses from Defendant City of Detroit filed on 3/22/07 (docket no. 106).**

Plaintiff contends in this motion that certain discovery responses of Defendant City are contradictory on the issue of whether the safe located at the Eleventh Precinct is the safe that is the subject matter of this litigation. The Court finds that Officer Walton's response to Admission No. 16 of Plaintiff's Fourth Set of Admissions is not proper. She was asked as the City's representative to admit that the safe located behind the Eleventh Precinct is the safe that is the subject of this lawsuit. She responded, "Unknown. Writer was not present and off duty at time safe was brought to precinct." (Docket no. 106, ex. 3). This same officer earlier answered an interrogatory to "identify the current location of the safe, or any fragments or parts thereof, from the explosion(s) that is the subject matter of this lawsuit" with the response: "The safe and fragments of the safe are located in the parking lot of the station." (Docket no. 106, ex. 1). Defendant's counsel admitted during the status conference that "the station" refers to the Eleventh Precinct. Moreover, the parties agreed at the status conference that Officer Reed has now admitted that the safe at the Eleventh Precinct is the one at issue in this litigation. Accordingly, Officer Walton's response to the Request for Admission was not justified. The Court will grant this motion to the extent that the City is deemed to have admitted for purposes of trial that the safe located at the Eleventh Precinct is the safe that is the subject matter of this litigation.

4

**6.      Defendant City of Detroit's Motion to Deem Matters Admitted filed on 4/2/07 (docket no. 109).**

Defendant by this motion seeks to have matters deemed admitted because Plaintiff responded to its Request for Admissions served on February 28, 2007 one week late. The response was due on or about March 28, 2007 and was mailed to Defendant on April 3, 2007. During the status conference, counsel for Defendant could not state how the City was prejudiced by this minimal delay, and the Court finds no bad faith on the part of Plaintiff. Defendant's motion will therefore be denied. *See Szatanek v. McDonnell Douglas Corp*., 109 F.R.D. 37 (W.D.N.Y. 1985).

During the April 26 status conference the parties also agreed that Defendant Police Officer Reed will be deposed for the second time on or before May 11, 2007 at a date and time to be decided by the parties. His deposition will be held at the Detroit City Law Department. The parties also agreed that Defendant will take photos of the safe at issue in this litigation and that the parties will exchange their photos of the safe on or before May 18, 2007. An amended scheduling order will be entered setting out a new deadline for the filing of dispositive motions and setting other dates.

**IT IS THEREFORE ORDERED** that Plaintiff's Fourth Motion to Compel and for Sanctions (docket no. 67) is **GRANTED** to the extent that Defendant City of Detroit is ordered to serve on Plaintiff a proper, second amended response as set out above, to Plaintiff's Third Request for Production of Documents on or before 5:00 p.m. on May 4, 2007. Defendant City of Detroit is also ordered to pay to Defendant's counsel the amount of $250 in sanctions on or before 5:00 p.m. on May 4, 2007.

**IT IS FURTHER ORDERED** that Defendant City of Detroit's Motion for Leave to File Response (docket no. 87) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant City of Detroit's Motions to Compel (docket nos. 95, 107) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant City of Detroit's Motion for Enlargement of Time to Produce Manuals (docket no. 104) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions Based on Contradictory Discovery Responses from Defendant City of Detroit (docket no. 106) is **GRANTED** to the extent that the City is deemed to have admitted for purposes of trial that the safe located at the City's Eleventh Precinct is the safe that is at issue in this litigation.

**IT IS FURTHER ORDERED** that Defendant City of Detroit's Motion to Deem Matters Admitted (docket no. 109) is **DENIED.**

**IT IS FURTHER ORDERED** that (1) Defendant Reed will be deposed at the Detroit City Law Department on or before May 11, 2007 at a date and time to be decided by the parties; and (2) Defendant will take photos of the safe at issue and the parties will exchange their photos of the safe on or before May 18, 2007.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated:   April 30, 2007                              s/ Mona K. Majzoub
                                                     MONA K. MAJZOUB
                                                     UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: April 30, 2007                            s/ Lisa C. Bartlett
                                                             Courtroom Deputy