**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CLARENCE WASHINGTON,

        Plaintiff,

-vs-

CITY OF DETROIT, et al.,

        Defendants.
_____/

CASE NO. 05-CV-72433

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

### OPINION AND ORDER AFFIRMING THE MAGISTRATE JUDGE'S (1) AMENDED ORDER RESOLVING PENDING DISCOVERY MOTIONS; AND (2) AMENDED ORDER GRANTING SANCTIONS

Before the Court are Defendant City of Detroit's ("Defendant"): (1) May 14, 2007 Objections to the Magistrate Judge's Amended Order Resolving Pending Discovery Motions; and (2) May 16, 2007 Objections to the Magistrate Judge's Amended Order Granting Sanctions. (Doc. Nos. 131, 132). Having considered the entire record, and for the reasons that follow, the Court AFFIRMS the Orders of the Magistrate Judge.

**I.    BACKGROUND**

On January 30, 2007, the Magistrate Judge issued an Order Granting Plaintiff's Third Motion to Compel Discovery and awarded reasonable attorney's fees to Plaintiff. See *Washington v. City of Detroit*, No. 05-72433, 2007 WL 313517 (E.D. Mich. Jan. 30, 2007) (unpublished). The Order also provided that Plaintiff's provide his Bill of Costs within ten days and that Defendant file a Response within five days of that filing.

Defendant subsequently filed a timely appeal of that Order. On February 22, this Court affirmed the Magistrate's Order on Plaintiff's Motion and upheld the awarding of reasonable attorney's fees to Plaintiff. *Washington v. City of Detroit*, No. 05-72433, 2007 WL 603379 (E.D. Mich. Feb. 22, 2007) (unpublished).

While the appeal of the Magistrate's Order was still pending in this Court, Plaintiff's counsel filed his Bill of Costs on February 10, 2007. (Doc. No. 74). Plaintiff calculated that he spent 4.7 hours at a rate of $250.00 per hour on his Third Motion to Compel, totaling $1175.00. Defendant did not file a Response to Plaintiff's Bill of Costs.

On April 26, 2007, the Magistrate Judge issued an Order on Plaintiff's Bill of Costs. (Doc. No. 116). The Magistrate Judge determined that Plaintiff's Bill of Costs was excessive and reduced the awarded attorney's fees to $575.00. The Order further required that Defendant's counsel remit that amount to Plaintiff's counsel by May 4, 2007.

On April 30, 2007, the Magistrate Judge entered an Order Resolving Pending Discovery Motions. (Doc. No. 117). In that Order, the Magistrate Judge granted Plaintiff's Fourth Motion to Compel (Doc. No. 67), denied Defendant's Motion for Leave to File a Sur-Reply (Doc. No. 87), denied as moot Defendant's Motion to Compel Production of Documents (Doc. Nos. 95, 107), denied as moot Defendant's Motion for Enlargement of Time to Produce (Doc. No. 104), granted Plaintiff's Motion for Sanctions Based on Contradictory Discovery Responses (Doc. No. 106), and denied Defendant's Motion to Deem Matters Admitted (Doc. No. 109). The Magistrate Judge sanctioned Defendant in the amount of $250.00 in connection with Plaintiff's Fourth Motion to Compel.

On May 3, 2007, Defendant filed Motions to Stay the Magistrate Judge's April 2007 Orders. (Doc. Nos. 120, 121). Defendant argued that the Magistrate Judge should stay the order for payment of attorney's fees and sanctions until after the ten-day time limit to appeal the Orders to this Court.

On the same day, May 3, the Magistrate Judge issued two Amended Orders on the April 26 and April 30 Orders. The Amended Orders were essentially word-for-word the same as the previous Orders.

On May 7, 2007, Defendant filed additional Motions to Stay the Magistrate Judge's May 3, 2007 Orders until an appeal could be resolved by this Court

Defendant filed Objections to the Magistrate Judge's Amended Order on Pending Discovery Motions on May 14, 2007. Defendants object to: (1) the granting of Plaintiff's Fourth Motion to Compel and awarding sanctions; (2) the denial of its Motion to File a Sur-Reply; and (3) the denial of its Motion to Deem Matters Admitted.

Defendant also filed Objections to the Magistrate Judge's Amended Order on the Bill of Costs on May 16, 2007. Defendants object that the Magistrate Judge's calculation of $250.00 per hour was unreasonable because: (1) Plaintiff's counsel did not submit any billing or fee schedule to support his claim; (2) Plaintiff's counsel's status as a staff attorney for a civil rights clinic does not entitle him to attorney's fees; (3) Plaintiff's counsel performs his services pro bono; (4) a $250.00 per hour billing rate would gross $10,000 per week; and (5) Plaintiff's legal work is performed by law students, thus $250.00 is an unreasonably high hourly rate.

Having considered Defendants' Objections, the Court AFFIRMS the Magistrate Judge's Orders.

## II.     ANALYSIS

### A. Standard of Review

The standard of review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a) dictates that a magistrate judge's non-dispositive pretrial orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard mandates that the district court affirm the magistrate judge's decision unless, on the entire evidence, it "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A decision whether or not to award sanctions under Fed. R. Civ. P. 26(g) is reviewed under an "abuse of discretion" standard. *McHugh v. Olympia Entm't, Inc.*, 37 Fed. Appx. 730, 741 (6th Cir. May 28, 2002) (unpublished).

### B. Objection on the Granting of Plaintiff's Fourth Motion to Compel and for Sanctions

Defendant objects that the Magistrate Judge erred in granting Plaintiff's Fourth Motion to Compel and sanctioning them as a result in the amount of $250.00. Defendant alternatively contends that even if sanctions were appropriate, that $100.00 would be a more reasonable amount.

Plaintiff's January 18, 2007 Fourth Motion to Compel concerned Defendants' responses to Plaintiff's Third Request for Production of Documents. (Doc. No. 67). The Magistrate Judge had ordered Defendant to serve its responses by December 15, 2006. (Doc. No. 63). Defendant served its amended responses to Plaintiff on February 9, 2007. The amended responses were signed by Officer Walton of the Detroit Police Department.

The Magistrate Judge found that Officer Walton answered Plaintiff's requests in an individual capacity, rather than in a representative capacity, for Defendant. The Magistrate Judge

had warned Defendant's counsel in two prior Orders of this practice. The Magistrate Judge found since Defendants' counsel had signed the answers, he had violated Fed. R. Civ. P. 26(g)(2) and 34(a)(4)(A). As a result, she sanctioned Defendant $250.00, which included attorney's fees in connection with Plaintiff's filing the motion.

Defendant argues that although it appeared that Officer Walton signed the discovery responses, she was actually answering them in a representative capacity. Defendant maintains that Officer Walton, although not on duty when the safe in question in this case arrived at the precinct, had discovered that the officer on duty when the safe arrived had not recorded it. Defendant points out that Plaintiff already knew that there were no property records at the precinct describing the safe. Furthermore, Defendant contends that sanctions are not appropriate, since Plaintiff suffered no prejudice and Defendant did not act in bad faith.

The Court finds that the Magistrate Judge's resolution of Plaintiff's Fourth Motion to Compel was not contrary to law, and her decision to award sanctions was not an abuse of discretion. Defendant failed to file any detailed Response to the Magistrate Judge to Plaintiff's Fourth Motion to Compel. Defendant's efforts to offer after-the-fact explanations interpreting the effect of his signed discovery responses do not convince this Court that the Magistrate Judge's decision was not merited given the circumstances.

Therefore, the Court affirms the Magistrate Judge's disposition of this motion.

**C.     Objection on the Denial of Defendant's Request to File a Sur-Reply**

Defendant argues that the Magistrate Judge's decision to deny his request to file a Sur-Reply to Plaintiff's Reply to Defendant's Response to Plaintiff's Fourth Motion to Compel. Defendant

argues that the Magistrate Judge erred in relying upon E.D. Mich. L. R. 7.1(d)(1) and (f) in denying his request.

The Magistrate Judge concluded that "such a sur-reply is not contemplated in the normal course by the local rules and no good cause is shown for such a filing. However, the Court does take notice of Defendant's contention in this motion as to the filing to which it wishes to respond." (Op. at 3).

The Court finds that the Magistrate Judge's decision was not contrary to law. Local Rule 7.1(d)(2), governing the motion practice for non-dispositive motions, does not expressly contemplate the filing of sur-replies. Such a request is governed by Local Rule 7.1(f). A court can use its discretion to grant or deny a request to file additional pleadings. Defendants do not offer any compelling reason why the Magistrate Judge should have granted their request. Additionally, Defendant's February 6, 2007 Response to Plaintiff's Fourth Motion to compel consisted only of cursory denials of Plaintiff's contentions. (Doc. No. 70). It seems that Defendant wished to file a Sur-Reply to cure the lack of any factual or legal arguments in his Response to Plaintiff's motion.

Furthermore, the Magistrate Judge held a Status Conference on April 26, 2007, where Defendants could have raised any additional information that had arisen since the filing of his February 6, 2007 Response to Plaintiff's motion.

Therefore, the Court does not find that the Magistrate Judge's ruling was contrary to law.

**D.      Objection on the Denial of Defendant's Motion to Deem Matters Admitted**

Defendant objects that the Magistrate Judge erred by denying its April 2, 2007 Motion to Deem Matters Admitted. Defendant contends that under Fed. R. Civ. P. 36, since Plaintiff failed to provide timely answers to its requests for admissions, those matters are deemed to be admitted.

Defendant served Plaintiff with the requests of February 28, 2007, with Plaintiff's responses due on March 28, 2007. Plaintiff did not mail the responses until April 3, 2007. The Magistrate Judge found that Defendant was not prejudiced by this one-week delay, and that Plaintiff's late responses were not performed in bad faith

The Court finds that the Magistrate Judge's holding is not contrary to law. Upon examination of the requests to admit, the Court does not find the answer to any of the questions prejudicial to Defendant in the discovery stage or for preparation for trial. The Court further finds no prejudice to Defendant in the one-week delay in receiving those answers.

### E. Objection on Plaintiff's Bill of Costs

Defendants filed Objections to the Magistrate Judge's April 26 / May 3 Order on the Bill of Costs on May 16, 2007. In that Order, the Magistrate Judge reduced *sua sponte* Plaintiff's Bill of Costs from $1,175.00 to $575.00.

Defendants object that the Magistrate Judge's calculation of $250.00 per hour was unreasonable because: (1) Plaintiff's counsel did not submit any billing or fee schedule to support his claim; (2) Plaintiff's counsel's status as a staff attorney for a civil rights clinic does not entitle him to attorney's fees; (3) Plaintiff's counsel performs his services pro bono; (4) a $250.00 per hour billing rate would gross $10,000 per week; and (5) Plaintiff's legal work is performed by law students, thus $250.00 is an unreasonably high hourly rate.

Plaintiff responds that Defendant has failed to appeal the Bill of Costs in a timely manner. In her January 30, 2007 Order, the Magistrate Judge provided Plaintiff with ten days from the date of the Order to submit a Bill of Costs. The Order further provided that Defendant had five days from Plaintiff's filing of the Bill of Costs to respond. Defendant did not do so. Since Defendant did not

raise his arguments before the Magistrate Judge, this Court lacks the power to review them on appeal or objection. *See Murr v. United States*, 200 F.3d 895, 901 n. 2 (6th Cir. 2000).

### III. CONCLUSION

For the foregoing reasons, the Court:

(1) **AFFIRMS** the Magistrate Judge Amended Order on Pending Discovery Motions (Doc. No. 122); and

(2) **AFFIRMS** the Magistrate Judge's Amended Order on Plaintiff's Bill of Costs (Doc. No. 123).

**SO ORDERED.**

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: May 29, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 29, 2007.

        s/Denise Goodine
        Case Manager