**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**CLARENCE WASHINGTON,**

   **Plaintiff,**    **CIVIL ACTION NO. 05-CV-72433-DT**

 **VS.**        **DISTRICT JUDGE PAUL D. BORMAN**

**DETROIT, CITY OF,**   **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
   **Defendants.**
          /

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS IN PART AND GRANTING DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME

  This is a civil rights action filed by Plaintiff Washington who is a Michigan inmate alleging that the Detroit police detonated explosive charges to open a safe which sent shrapnel into the prison yard area injuring him. The matter comes before the Court on Plaintiff's Motion for Sanctions For Failure to Protect Evidence and for Spoilation (sic) filed on June 20, 2007. (Docket no. 141). In addition, Defendant City of Detroit filed a Motion for Enlargement of Time and Relief from Order filed on June 29, 2007. (Docket no. 152). All pretrial matters have been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 6). The Court heard argument on July 2, 2007 from counsel, Mr. Jenkins and Mr. Manville, on Plaintiff's Motion for Sanctions. The Court dispenses with oral argument on Defendant's Motion for Enlargement of Time. Therefore, these motions are ready for ruling.

  First, the Court will grant Defendant's Motion for Enlargement of Time and Relief from Order. Defendant fails to state in this motion for what it seeks more time or from what it seeks relief. The Court construes the motion as a request that Defendant be allowed to file its Notice of Compliance which is attached as an exhibit to its brief filed on June 29, 2007. (Docket no. 151). Construed as such

a request, the motion is granted. During oral argument on July 2 Defendant's counsel referred to this motion. It is possible that he filed this motion because he was unsure if he could file a response to Plaintiff's Motion for Sanctions within the abbreviated response time set by the Court. If that is the purpose of the motion, the motion is moot because Defendant filed a timely Response brief.

Turning now to Plaintiff's Motion for Sanctions, the Court granted Plaintiff's Motion to Preserve Evidence on March 14, 2007 and ordered Defendant City of Detroit to "preserve the safe at issue . . . by leaving the safe in its present position in the parking lot of [the police station] and protect it from the elements by wrapping it with a protective covering." (Docket no. 102 at 3). The Court also stated that the protective covering should provide some protection against someone inadvertently altering the condition of the safe or moving it. (*Id.*) Defendant's counsel was ordered to file a Notice certifying compliance with this Order within five days of the entry of that Order.

Defendant's counsel failed to file the Notice of Compliance within five days of March 14, 2007. Defendant attached a Notice of Compliance to its Response brief filed on June 29, 2007.[1] (Docket no. 151). That Notice fails to state when the safe was wrapped, however. Defendant's counsel stated during the July 2, 2007 hearing that the safe was wrapped some time after the middle of June 2007.

Counsel also stated during the hearing that he instructed a desk officer at the precinct where the safe was located to preserve the safe by wrapping it. This conversation occurred within five days of the Court's March14 Order, according to defense counsel. Defendant's counsel also stated that he talked to another desk officer and the property officer but that the safe was not wrapped until an officer from the bomb squad did so approximately two weeks before the July 2 hearing. The two affidavits attached to Plaintiff's motion show that the safe was not covered on June 18, 2007. Therefore, the

---

[1] The affidavit of Police Officer Batie is also attached to Defendant's brief. Officer Batie states that "the safe was wrapped in a protective covering." (Docket no. 151, ex. B). He fails to state when the safe was covered, however.

2

Court finds that the safe was finally covered by Defendant City of Detroit sometime after June 18, 2007. There was therefore a delay of over three months in complying with this Court's Order.

The Court has the inherent power to sanction a party "when that party exhibits bad faith, including the party's refusal to comply with the court's orders." *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003); *see Rasmussen v. Fleetwood Enters., Inc.*, 2007 WL 1106138 (E.D. Mich. Apr. 10, 2007) (imposing sanctions under court's inherent authority). Bad faith or conduct tantamount to bad faith is required to impose sanctions. *Youn*, 324 F.3d at 420; *Rasmussen*, slip copy at *11.

The Court finds that the conduct of Defendant City of Detroit in failing to wrap the safe and preserve that important piece of evidence in a timely manner was bad faith conduct or tantamount to bad faith conduct. The Court's order was clear. On more than one occasion defense counsel relayed the Court's instruction to wrap the safe to a representative of the City reasonably situated to effect compliance with the order. The potential for prejudice to Plaintiff is apparent through the deterioration of the condition of the safe during the time between the issuance of the Order and the eventual compliance. Defendant's failure to timely comply with this Court's Order also needlessly multiplied the costs of litigation in this action. There is no justification given for the City's failure to wrap the safe in a timely manner.

The City makes several arguments attempting to persuade the Court not to award sanctions. Defendant argues that the safe is not relevant to this action. However, the safe is clearly an important piece of evidence for Plaintiff. Defendant's argument that its failure to wrap the safe was not done in bad faith is contradicted by the extended lapse of time, the clear notice to the City, and the failure to offer any possible justification for the delay. The Court also rejects Defendant's attempts to transfer any responsibility to Plaintiff's counsel for the safe not being timely wrapped. Plaintiff's counsel had no duty to advise Defendant's counsel that the safe was not protected. In addition, the action of

3

Plaintiff's counsel in attempting to move the safe door back to its original position in no way absolves Defendant for its failure to act. Finally, the Court finds no merit in defense counsel's argument that no sanctions should be awarded because Plaintiff's Amended Complaint fails to state a federal claim for relief. Defendant has failed to persuade the Court that sanctions should not be awarded.

The Court found in an earlier order granting sanctions against defense counsel that attorney fees in the amount of $250 per hour for Plaintiff's counsel were reasonable. (Docket no. 123). The hearing on Plaintiff's Motion for Sanctions on July 2, 2007 lasted approximately one hour. Counsel reasonably expended one hour in researching and drafting the briefs related to Plaintiff's Motion for Sanctions. Therefore, $500 is a reasonable amount to compensate Plaintiff's counsel for costs associated with this motion. In addition, the Court finds that an additional amount of $500 payable to the Court Clerk is a reasonable amount to sanction Defendant for purposes of deterrence. *See Miltope Corp. v. Hartford Cas. Ins. Co.*, 163 F.R.D. 191, 194 (S.D.N.Y. 1995) (citing cases imposing fine payable to Clerk of Court on counsel or party for failure to follow court's order). Defendant City of Detroit will therefore be sanctioned in the total amount of $1,000.00.

Plaintiff seeks further sanctions in the form of an adverse inference at trial against Defendant or a jury instruction establishing Defendant's liability. He argues that spoliation of evidence has occurred because of Defendant's failure to wrap and preserve the safe. Specifically, Plaintiff contends that a metal piece of the safe has been removed and the door of the safe and frame have been moved. Defendant denies that any such changes have been made, except that the door was moved.

Spoliation is the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for the destruction.[2] *Beck v. Haik*, 377 F.3d 624, 641 (6th Cir. 2004). The only evidence

---

[2] The Court does not find persuasive the cases from outside the Sixth Circuit cited by Plaintiff in his Reply Brief (docket no. 153) for the proposition that a finding of intentional destruction is not required. This Court must follow the law of the Sixth Circuit.

of the alleged destruction of evidence is photographs of the safe submitted by the parties. Yet, the copies of the photos attached as exhibits to Plaintiff's Motion for Sanctions are too unclear for the Court to find that pieces of the safe have been moved or removed such that evidence has been destroyed.[3] The potential for such destruction certainly arose because of Defendant's failure to preserve the safe as ordered. However, the Court declines to award any further sanctions because a sufficient showing that evidence has been destroyed is lacking.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Sanctions (docket no. 141) is **GRANTED** to the extent that on or before July 19, 2007 Defendant City of Detroit will pay to the Clerk of this Court the sum of $500.00, and by the same date pay to Plaintiff's counsel the sum of $500.00.

**IT IS FURTHER ORDERED** that Defendant's Motion for Enlargement of Time and Relief from Order (docket no. 152) is **GRANTED** as set out above.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: July 03, 2007                         s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff submitted one set of original photographs during the July 2 hearing which show the safe before the alleged changes. These photos are much clearer than the copies earlier submitted. However, without the corresponding original photographs showing the alleged different condition of the safe, no conclusions can be drawn.

## **PROOF OF SERVICE**

       I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: July 03, 2007                        s/ Lisa C. Bartlett
                                                              Courtroom Deputy