**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CLARENCE WASHINGTON,

        Plaintiff,

-vs-

DANNY REED, in his individual
capacity,

        Defendant.
_____/

CASE NO. 05-CV-72433

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Clarence Washington's ("Plaintiff") July 5, 2007 Motion for Reconsideration (Doc. No. 159) of this Court's Opinion and Order Granting in Part and Denying in Part Summary Judgment to Defendant Danny Reed ("Defendant"). *See Washington v. City of Detroit*, No. 05-72433 (E.D. Mich. July 3, 2007) (unpublished). Having considered the entire record, and for the reasons that follow, the Court DENIES Plaintiff's Motion for Reconsideration.

Plaintiff argues that the Court erred in concluding that Defendant, an officer of the City of Detroit Police Department, could not be held liable for Plaintiff's injuries, since he was not responsible for Plaintiff's conditions of confinement while incarcerated the State of Michigan Mound Correctional Facility ("MCF"). Plaintiff essentially contends that he can maintain an Eighth Amendment deliberate indifference claim, under 42 U.S.C. § 1983, against Defendant, even though Defendant was admittedly not responsible for Plaintiff's conditions of confinement. For that proposition, Plaintiff relies upon *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), and *Harper v. Mega*, No. 96-1982, 1998 WL 473427 (N.D. Ill. Aug. 7, 1998) (unpublished).

1

Eastern District of Michigan Local Rule 7.1(g) provides the standards for a motion for reconsideration, and states:

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

The Court finds that neither Plaintiff's arguments nor the cases that he cites are convincing.

First, the Sixth Circuit case *Miller* involved deliberate indifference claims against prison officials arising out of prisoner's death. 408 F.3d at 808-11. *Miller* discusses the "deliberate indifference by prison officials to an inmate's serious medical needs" and is not relevant to Plaintiff's contention.

Second, the Court finds the unpublished Northern District of Illinois decision in *Harper* does not support Plaintiff's position. In *Harper,* the plaintiff was arrested by a police officer for "unauthorized peddling" in downtown Chicago, Illinois. 1998 WL 473427, at *1. The plaintiff was transported to a police station and was ultimately charged with disorderly conduct, battery, and resisting a police officer. *Id*. After a jury trial, where the plaintiff was convicted of the resisting a police officer charge, the plaintiff awaited sentencing at the county jail. *Id*. The plaintiff alleged that while he was in a holding cell at the county jail, two City of Chicago police officers entered to area and called him a "cop killer" and "child molester" so that correctional officers and other inmates would hear them. *Id*. The defendant police officers argued that the Eighth Amendment only applied to "prison guards" and not "police officers." *Id*. at *9. The district court rejected that position,

holding that police officers can be liable under "the Eighth Amendment, if they engage if conduct proscribed by the Eighth Amendment." *Id*.

In the instant case, Defendant does not argue that police officers are always immune from Eighth Amendment liability, rather Defendant contends that he was not responsible for Plaintiff's health, safety, or well-being while at the MCF. In its July 3, 2007 Order, the Court cited the Sixth Circuit case *Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006), as providing the appropriate standard for evaluating "conditions-of-confinement" Eighth Amendment claims. Plaintiff has failed to provide any Supreme Court or Sixth Circuit authority that supports the proposition that deliberate indifference claims can be brought against defendants who are not responsible for the conditions of Plaintiff's confinement or for Plaintiff's health and safety while incarcerated.[1]

Since Plaintiff has not shown a "palpable defect" warranting a "different disposition of the case," the Court hereby **DENIES** Plaintiff's Motion for Reconsideration (Doc. No. 159). Plaintiff's gross negligence claim against Defendant will proceed to trial on July 17, 2007.

**SO ORDERED**.

    s/Paul D. Borman
    PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

Dated: July 9, 2007

CERTIFICATE OF SERVICE

---

[1] Plaintiff's citation to *Sallier v. Brooks*, 343 F.3d 868 (6th Cir. 2003) does not support his argument. *Sallier* did not involve a "deliberate indifference" claim and concerned rather an inmate's First Amendment right to receive mail.

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 9, 2007.

                s/Denise Goodine
                Case Manager