# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CLARENCE WASHINGTON,

        Plaintiff,               CIVIL ACTION NO. 05-CV-72433-DT

  VS.                          DISTRICT JUDGE PAUL D. BORMAN

DETROIT, CITY OF,          MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff moves for reconsideration of this Court's Order Granting Plaintiff's Motion for Sanctions in Part and Granting Defendant's Motion for Enlargement of Time (docket no. 157). (Docket no. 161). Specifically, Plaintiff seeks reconsideration of this Court's finding that the copies of the photos attached as exhibits to Plaintiff's Motion for Sanctions are too unclear for the Court to find that pieces of the safe have been moved or removed such that evidence has been destroyed. Plaintiff has attached as exhibits to his Motion for Reconsideration the originals of the photographs of which the Court found the copies to be unclear. Because Plaintiff failed to show that Defendant had intentionally destroyed evidence, the Court rejected Plaintiff's argument that he had shown spoliation of evidence and that further sanctions were warranted.

Pursuant to this Court's local rules, motions for reconsideration that "merely present the same issues ruled upon by the court" will not be granted. E.D. Mich. LR 7.1(g). In addition, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." (*Id.*). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Guaranty Residential Lending,*

*Inc. v. Homestead Mortgage Co.*, 2006 WL 2711815 at *1 (E.D. Mich. Sept. 21, 2006). A motion for reconsideration cannot be used to introduce new evidence that could have been introduced during the pendency of the underlying motion. *Id.*

The Court finds that Plaintiff has failed to show a palpable defect. The introduction of the original photographs does not show a defect in the Court's earlier conclusion that the copies were too unclear to show that pieces of the safe had been destroyed. Moreover, even if the photographs were clear enough for the Court to conclude that some pieces of the safe had been moved or removed, the photographs shed no light on the circumstances surrounding the removal. Accordingly, Plaintiff's motion will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (docket no. 161) is **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 10, 2007              s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: July 10, 2007              s/ Lisa C. Bartlett
                                  Courtroom Deputy