UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CLARENCE WASHINGTON, | |
| Plaintiff, | CASE NO. 05-CV-72433 |
| -vs- | PAUL D. BORMAN<br>UNITED STATES DISTRICT JUDGE |
| DANNY REED, in his individual<br>capacity, | MONA K. MAJZOUB<br>UNITED STATES MAGISTRATE JUDGE |
| Defendant.<br>_____/ | |

**ORDER AFFIRMING
THE MAGISTRATE JUDGE'S JULY 3, 2007 ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS**

Before the Court is Defendant's July 16, 2007 Objections to the Magistrate Judge's July 3, 2007 Order Granting in Part Plaintiff's Motion for Sanctions. (Doc. No. 166). Plaintiff filed a Response on July 16, 2007. Having considered the entire record, and for the reasons that follow, the Court AFFIRMS the Magistrate Judge's Order.

The relevant facts and background of this case are recounted by this Court's July 3, 2007 Opinion and Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment. (Doc. No. 158).

In her July 3 Order, the Magistrate Judge awarded Plaintiff's counsel $500.00 and sanctioned Defendant an additional $500.00 for failure to comply with the Magistrate Judge's March 14, 2007 Order to Preserve the Evidence. (Doc. No. 157). The Magistrate Judge had previously ordered on March 14 that the Defendant "wrap [the safe] with a protective covering which will shield it from the elements and provide some protection against someone

1

inadvertently altering the condition of the safe or moving it." (Doc. No. 102). The Order further provided that Defendant file a Notice of Compliance within five days of the Order. Defendant failed to do so.

Upon discovering that Defendant had failed to take steps to comply with the Court's Order, Plaintiff filed a motion for sanctions for failure to protect evidence and for spoliation on June 20, 2007. (Doc. No. 141). In that motion, Plaintiff's counsel and two law students in his clinic described how they visited the backyard of the City of Detroit Police Department's Eleventh Precinct on April 26, 2007, and discovered that the safe had not been wrapped or otherwise preserved. Plaintiff's counsel and the two students again visited the Precinct on June 18, 2007, and found that the safe still had not been preserved.

Defendant filed a Response to Plaintiff's motion on June 29, 2007. In that motion, Defendant attached a Notice of Compliance with the March 14 Order; yet the Notice did not indicate on what date the safe was wrapped.

The Magistrate Judge ordered that Defendant's failure to preserve the safe according to her order was "bad faith conduct or tantamount to bad faith conduct." Among the considerations for "bad faith" were the extended lapse of time to comply, the clear notice to Defendant, and the failure to offer any justification for the delay. The Magistrate Judge rejected Defendant's counsel's arguments: (1) that the safe was no an important piece of evidence in the case; (2) that Plaintiff's counsel was responsible for the safe not being wrapped; and (3) that Plaintiff's counsel in fact altered the safe when he entered on the Precinct property. The Magistrate Judge awarded Plaintiff $500.00 in attorney fees and sanctioned Defendant an additional amount of $500.00.

inadvertently altering the condition of the safe or moving it." (Doc. No. 102). The Order further provided that Defendant file a Notice of Compliance within five days of the Order. Defendant failed to do so.

Upon discovering that Defendant had failed to take steps to comply with the Court's Order, Plaintiff filed a motion for sanctions for failure to protect evidence and for spoliation on June 20, 2007. (Doc. No. 141). In that motion, Plaintiff's counsel and two law students in his clinic described how they visited the backyard of the City of Detroit Police Department's Eleventh Precinct on April 26, 2007, and discovered that the safe had not been wrapped or otherwise preserved. Plaintiff's counsel and the two students again visited the Precinct on June 18, 2007, and found that the safe still had not been preserved.

Defendant filed a Response to Plaintiff's motion on June 29, 2007. In that motion, Defendant attached a Notice of Compliance with the March 14 Order; yet the Notice did not indicate on what date the safe was wrapped.

The Magistrate Judge ordered that Defendant's failure to preserve the safe according to her order was "bad faith conduct or tantamount to bad faith conduct." Among the considerations for "bad faith" were the extended lapse of time to comply, the clear notice to Defendant, and the failure to offer any justification for the delay. The Magistrate Judge rejected Defendant's counsel's arguments: (1) that the safe was no an important piece of evidence in the case; (2) that Plaintiff's counsel was responsible for the safe not being wrapped; and (3) that Plaintiff's counsel in fact altered the safe when he entered on the Precinct property. The Magistrate Judge awarded Plaintiff $500.00 in attorney fees and sanctioned Defendant an additional amount of $500.00.

Defendant makes the following Objections to the Magistrate Judge's Order:

(1) Defendant took steps to have the safe preserved;

(2) Plaintiff's counsel entered Defendant's property without Defendant's knowledge or consent;

(3) There is no evidence that the safe was not timely preserved or that it was not unwrapped by Plaintiff's counsel;

(4) The imposition of sanctions was extreme given that the safe was not destroyed or altered;

(5) Plaintiff has suffered no prejudice by the failure to wrap the safe; and

(6) Defendant did nothing in bad faith.

The standard of review under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) dictates that a magistrate judge's nondispositive pretrial orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard mandates that the district court affirm the magistrate judge's decision unless, on the entire evidence, it "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948). Parties cannot raise arguments on objection or appeal that they did not bring before the Magistrate Judge. *Murr v. United States*, 200 F.3d 895, 901 n.1 (6th Cir. 2000).

Upon review of Defendant's Objections, the Court is satisfied that the Magistrate Judge effectively addressed Defendant's arguments in her July 3, 2007 Order. Accordingly, for the reasons stated by the Magistrate Judge, the Court **AFFIRMS** the July 3, 2007 Order.

**SO ORDERED**.

                                         s/Paul D. Borman
                                         PAUL D. BORMAN

UNITED STATES DISTRICT JUDGE

Dated: July 25, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 25, 2007.

                                                  s/Denise Goodine
                                                  Case Manager